# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEUM SISAVATH, | CV F  06-1413 AWI DLB HC |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION |
| v. | |
| STATE OF CALIFORNIA, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on October 13, 2006.

**DISCUSSION**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each Petition for Writ of Habeas Corpus.  The Court must dismiss a Petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court."  Rule 4 of the Rules Governing  2254 Cases; <u>see</u> <u>also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir. 1990).

Petitioner alleges various constitutional violations arising from his conviction in the Fresno County Superior Court.

A.   <u>Improper Respondent</u>

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state

1

1  officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules
2  Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v.
3  California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having
4  custody of an incarcerated petitioner is the warden of the prison in which the petitioner is
5  incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v.
6  United States, 982 F.2d 378, 379 (9th Cir. 1992); see, also, Stanley v. California Supreme Court,
7  21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions
8  is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360. Where a petitioner is on
9  probation or parole, the proper respondent is his probation or parole officer and the official in
10 charge of the parole or probation agency or state correctional agency. Id.
11       In this case, Petitioner names the State of California as Respondent. Although Petitioner
12 is currently in the custody of the State of California, the State cannot be considered the person
13 having day-to-day control over Petitioner.
14       Petitioner's failure to name a proper respondent requires dismissal of his habeas petition
15 for lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326,
16 1326 (9th Cir. 1970); see, also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd
17 Cir. 1976). However, in this case, the Court will give petitioner the opportunity to cure his defect
18 by amending the petition to name a proper respondent. See, West v. Louisiana, 478 F.2d 1026,
19 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc)
20 (allowing petitioner to amend petition to name proper respondent); Ashley v. State of
21 Washington, 394 F.2d 125 (9th Cir. 1968) (same).
22 B.   Exhaustion State Court Remedies
23       A petitioner who is in state custody and wishes to collaterally challenge his conviction by
24 a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1).
25 The exhaustion doctrine is based on comity to the state court and gives the state court the initial
26 opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501
27 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d
28 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights'" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

3

1   Although Petitioner states that he presented his claims to the California Court of Appeal,
2   Petitioner does not indicate what, if any, claims were presented to the California Supreme Court
3   for review. If Petitioner has not presented his claims to the California Supreme Court, the Court
4   cannot proceed to the merits of the claim.[1] 28 U.S.C. § 2254(b)(1). It is possible, however, that
5   Petitioner has presented his claims to the California Supreme Court and simply neglected to
6   inform this Court. Thus, Petitioner must inform the Court if his claim has been presented to the
7   California Supreme Court, and if possible, provide the Court with a copy of the petition filed in
8   the California Supreme Court, along with a copy of any ruling made by the California Supreme
9   Court.
10  Based on the foregoing, it is HEREBY ORDERED that:
11  1.  Within thirty (30) days from the date of service of this order, Petitioner shall file
12      an amended petition naming a proper Respondent and informing the Court of the
13      claims presented to the California Supreme Court; and
14  2.  Failure to comply with this order will result in the action being dismissed for lack
15      of jurisdiction and for failure to comply with a court order. Local Rule 11-110.

IT IS SO ORDERED.

Dated:   **February 6, 2007**          **/s/ Dennis L. Beck**
3b142a                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner is advised that the Court must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claims if he can do so. See Rose, 455 U.S. at 521-22; Gordon, 107 F.3d at 760. However, Petitioner must be provided with an opportunity to withdraw the unexhausted claims and go forward with the exhausted claims. Jefferson v. Budge, 419 F.3d 1013 (9th Cir.2005); Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir.2000) ("district courts must provide habeas litigants with the opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal").